IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ANGEL SANTIAGO GARCIA, § <br> Plaintiff § <br> § <br> vs. § <br> § <br> THE LOGISTICS COMPANY, INC. § <br> Defendant § | CASE NO. 1:23-cv-1051 <br> JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff, **ANGEL SANTIAGO GARCIA**, complains of Defendant, **THE LOGISTICS COMPANY, INC.**, hereinafter referred to as "Defendant," and for causes of action would show the Court and Jury the following:

### NATURE OF SUIT

This is an employment discrimination lawsuit alleging discriminatory treatment of Plaintiff by Defendant based on race, national origin, color, sex, and/or retaliation for complaining of and/or opposing illegal discrimination. Plaintiff alleges causes of action under *Title VII of the Civil Rights Act of 1964 (Title VII),* and *Chapter 21 of the Texas Labor Code* and seeks a jury trial to recover all his damages to include back pay, front pay,

compensatory damages, punitive damages, and attorney's fees; all as more particularly described below.

## PARTIES

1. Plaintiff is ANGEL SANTIAGO GARCIA, an individual who is a resident of Belton, Bell County, Texas. Defendant, **THE LOGISTICS COMPANY, INC,** is an entity, believed to be a corporation incorporated in the State of North Carolina, which transacted business in Texas at all relevant times hereto.

2. A majority of the incidents in question occurred at Defendant's place of business in Bell County, Texas.

3. Defendant is one or more entities with which Plaintiff was employed and which caused his constructive discharge from employment on or about October 31, 2022.

4. At all times relevant to this suit, Defendant was doing business under the common and/or assumed names THE LOGISTICS COMPANY, INC. or THE LOGISTICS COMPANY, while employing Plaintiff. Therefore, Plaintiff uses those names in this suit against the true entity or entities that employed, discriminated against, and constructively discharged Plaintiff from employment. Plaintiff reserves the right to correct Defendant's names or add additional names should it later appear that Plaintiff's true employer has been mistakenly named because it is Plaintiff's intent to sue

the entities that employed Plaintiff, discriminated against him, and constructively terminated his employment, as described below; however said entities may be named.

5.     The registered agent for THE LOGISTICS COMPANY, INC. is Northwest Registered Agent, LLC, 5900 Balcones Drive, Austin, Texas 78731-4257; however, Plaintiff believes Defendant will be waiving service and will consent to file an appearance herein.

## JURISDICTION/VENUE

6.     Federal jurisdiction of the alleged causes of action is based on 28 U.S.C. § 1331 by way of Plaintiff hereinafter alleging violations of federal law and diversity of citizenship with the amount in controversy exceeding $75,000. Plaintiff is an individual resident/citizen domiciled in the State of Texas and Plaintiff believes Defendant is a corporation foreign to the State of Texas and a citizen of and domiciled in the State of North Carolina.

7.     Jurisdiction of the Texas causes of action alleged under *Texas Labor Code* Chapter 21 is under the Court's supplemental jurisdiction under authority of 28 U.S.C. § 1367, since the state law causes of action are so related to the federal claims in the action within such original jurisdiction, that they form part of the same case or controversy under Article III of the United States Constitution.

8.     This suit is brought under authority of the *Title VII of the Civil Rights Act of 1964 and Texas Labor Code* §§ 21.001 et seq., hereinafter *"Texas Human Rights Act*." At all times relevant to this action, Plaintiff was a "person" and an "employee" and Defendant was an "employer" (with more than 15 employees at all relevant times to this suit) as those terms are defined under the herein above named laws and statutes.

9.     Plaintiff has timely satisfied any and all jurisdictional administrative remedies which may be required to grant this Court jurisdiction of the causes of action alleged below and the statutes mentioned above.

10.    The causes of action, or substantial portions thereof, occurred in Bell County, Texas, which is subject to the jurisdiction and venue of the Austin Division of the Western District of Texas.

## FACTS

11.    Plaintiff, a dark brown-skinned Hispanic male by ancestry and birth in Puerto Rico, was employed by Defendant as a Site Support Lead on an Army base at Fort Cavasos f/k/a/ Fort Hood, Bell County, Texas. This work by Defendant was on a private contract basis as Defendant is a private company and not a governmental entity.

12.    Plaintiff worked for Defendant from on or about September 2020 until he was illegally constructively discharged from employment on or about October 31, 2022. During almost all of this entire period of time, Plaintiff endured a continual campaign of

abusive, unreasonable, shameful, and hostile harassment, intimidation, ridicule, and insult by the Project Manager and others based on his race, national origin, color, and/or sex. Despite Plaintiff opposing and complaining about the treatment to management of Defendant on more than one occasion, they did nothing effective to prevent or stop this harassment.

13. Plaintiff began working for a different contractor than Defendant on the Army base on May 3, 2020. Later, Defendant took over the contract in September 2020 and Plaintiff continued in his same job position for Defendant.

14. In early 2021, Plaintiff began to be subjected to a hostile and abusive work environment created by the Project Manager who made derogatory statements (direct evidence) to Plaintiff regarding Plaintiff's Hispanic dark-skinned race and national origin, Puerto Rico, and stated that he wanted all "non-Americans" to be given a one-way ticket out of Texas to never return. The Project Manager stated he belonged to a group in Kempner, Texas that would provide this alleged "one-way ticket" out and stated that Plaintiff could not come back because "this is my (the Project Manager's) state."

15. Plaintiff was harassed about his Hispanic Puerto Rican speaking accent by the Project Manager who made fun of Plaintiff's accent and would say, "Siri, translate . . ." (obviously referring to the translation app on a cell phone) when Plaintiff would be

speaking giving the false impression that he could not understand Plaintiff because of his accent and otherwise harassing Plaintiff regarding his accent. This harassment and ridicule was done during Defendant company meetings and other times in the presence of others and was humiliating and offensive to Plaintiff, which contributed to the hostile and abusive work environment.

16. During the months of May 2021 and October 2021, Defendant's Human Resources (HR) representative at the Army base claimed to Plaintiff that she had spoken with the Project Manager regarding his discriminatory treatment of Plaintiff, but was ignored. There was no action taken by Defendant to protect Plaintiff from this discriminatory treatment, even though Defendant was aware of it and the HR Representative had witnessed illegal discrimination and harassment of Plaintiff.

17. On or about November 2, 2021, Plaintiff filed a complaint with the (HR) department and threatened to resign his position due to the discrimination, hostile work environment, and harassment based on discrimination alleged above. The HR Director asked Plaintiff what it would take to get him to return and Plaintiff stated that he would return if he were treated with respect and the harassment would stop.

18. Plaintiff was assured by the HR Director that the discrimination and hostile work environment would cease. However, shortly after Plaintiff returned to work on November 8, 2021, Plaintiff was subjected to retaliation by his Project Manager for opposing/complaining about the illegal harassment and discrimination. The Project

Manager then increased his oversight of Plaintiff to the point of micro- managing his work (which the Project Manager had not done to this extent in the past) and it was a regular occurrence for Plaintiff to be called into his office multiple times per week just to discuss minor things or to nitpick areas of no real concern. The Project Manager did not call anyone else into his office as frequently just to discuss something minor or inconsequential. This appeared to be an effort to frustrate Plaintiff in an attempt to get him to resign.

19. The Project Manager made statements insinuating that he believed Plaintiff to be a member of the LGBTQ community asking him why he was not wearing his "colors" during June 2022, which in the United States is apparently the month set aside to celebrate the LGBTQ community, which uses the "rainbow flag" as a symbol. Plaintiff is a heterosexual male, who is married to a heterosexual female, and is not homosexual or a member of the LGBTQ community. Plaintiff alleges that the Project Manager was saying these things to embarrass and humiliate Plaintiff. These untrue allegations against Plaintiff as to his sexuality were offensive because it would be a breach of Plaintiff's marriage relationship with his wife for these allegations to be true.

20. In August 2022, when Plaintiff would go to use the restroom during the work day, the Project Manager would frequently make offensive sex-based comments to Plaintiff asking him what was between his legs, a "Vienna sausage?" Plaintiff was

offended and humiliated by this treatment of him by the Project Manager and asked him to stop making those comments, which the Project Manager ignored.

21.  In September 2022, Plaintiff was told by Defendant's HR Director that nothing had been done with his previous discrimination complaint due to the Vice President not acting on it prior to retiring. Plaintiff provided Defendant's HR Director with a folder containing multiple pages of evidence regarding Plaintiff's mistreatment, harassment, and discrimination.

22.  On or about September 14, 2022, Plaintiff became aware that the Defendant's Covid policy was being enforced in a racial discriminatory manner in that the Hispanic employees were being required to obtain a doctor's clearance of negative Covid tests before being allowed back to work, while the non-Hispanic employees were not being required to obtain such a doctor's clearance. Plaintiff opposed and complained in good faith about this discriminatory treatment to management of Defendant.

23.  On or about October 4, 2022, Plaintiff was ordered by the Project Manager to load and begin cutting up old, soiled, contaminated, and unsanitary mattresses that were to be taken to the landfill for disposal. This would be a difficult unsanitary and dangerous job to cut up and haul the mattresses. This was being done even though the vice president of operations stated that the Defendant was not going to cut up mattresses. Therefore, the job was unnecessary. Plaintiff alleges that this order by the

PLAINTIFF'S ORIGINAL COMPLAINT- Page 8

Project Manager regarding the mattresses was part of the plan of retaliation against Plaintiff for having previously complained about illegal discrimination by the Project Manager.

24. Plaintiff then realized that no matter how long he gave Defendant to prevent and rectify the situation, the harassment he was undergoing from the Project Manager was not going to stop and Defendant was not going to protect him from the severe and/or pervasive harassment based on his race, national origin, sex and the retaliation for complaining about the illegal harassment. Realizing this and believing that no other reasonable employee would continue to endure this treatment, Plaintiff resigned on October 31, 2022, which was a constructive discharge from employment.

## VIOLATION OF TITLE VII &TEXAS LABOR CODE

25. As described above, Plaintiff was harassed by his Project Manager because of his race (Hispanic); color (dark brown-skinned); national origin and ancestry (Puerto Rico); and his sex (heterosexual male); all of which were motivating factors for Defendant's Project Manager *harassing and abusive* comments and actions, as described above. These discriminatory actions are prohibited by *Title VII of the Civil Rights Act of 1964 and Texas Labor Code* §§ 21.001 et seq. The Project Manager's intentional discriminatory remarks about Plaintiff alleging and accusing him of being a homosexual

were harassing and humiliating based on sex to Plaintiff, since Plaintiff was not a homosexual and was a heterosexual male married to a female.[1]

26.     Plaintiff alleges that the intentional extreme discriminatory actions of the Project Manager and others described above and/or the inaction and failure of Defendant to prevent or stop and remedy the situation created a hostile and abusive work environment permeated with discriminatory intimidation, ridicule, and insult, that was severe and/or pervasive, and that altered Plaintiff's work environment. These continuing actions, or failures to act described above, unreasonably interfered with Plaintiff's work performance which negatively affected a term, condition, or privilege of his employment and interfered with his chances of success in his job resulting in his constructive discharge on October 31, 2022  and the resulting damages described below for which Plaintiff now sues.

## RETALIATION

27.     As described above, after Plaintiff reported the harassment and discrimination to Defendant and opposed it to his Project Manager, the Project Manager began intentionally retaliating against Plaintiff by increasing his harassment and humiliation of Plaintiff. This retaliation against Plaintiff was designed to make his position and life so miserable and difficult that no reasonable employee would continue

---

[1] "If the employer intentionally relies in part on an individual employee's sex when deciding to [harass] ... the employee...a statutory violation has occurred." *Bostock v. Clayton Cty.*, 140 S. Ct. 1731, 1741 (2020)

to endure such treatment. Eventually, when Plaintiff could no longer endure the retaliation and discriminating harassment of Plaintiff, he resigned on October 31, 2022, which was a constructive discharge of him by Defendant and for which resulting damages described below, Plaintiff now sues.

28.     In the alternative, Plaintiff alleges that Defendant's intentional actions against Plaintiff, described above, in retaliation against Plaintiff for opposing and/or complaining about illegal discrimination were the "but for" cause of Plaintiff's separation from employment and were in violation of *Title VII and Texas Labor Code* § 21.055 resulting in damages as hereinafter set forth.

## ACTUAL DAMAGES

29.     As a result of the violation of *Title VII and § 21.051 and 21.055 of the Texas Labor Code*, Plaintiff has lost past and future wages and benefits of employment. Further, Plaintiff has suffered past and future pecuniary losses and past and future emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses. Plaintiff hereby sues for reimbursement of said damages.

## PUNITIVE DAMAGES

30.     Defendant's wrongful actions in causing the constructive termination of Plaintiff were done knowingly, intentionally, with malice and/or recklessly in violation

of Plaintiff's federal and state protected rights; therefore, Plaintiff is entitled to recover punitive damages from Defendant in an amount to be awarded by a jury.

### INJUNCTION/EQUITABLE RELIEF AGAINST DEFENDANT

31.     On a finding that Defendant has engaged in an unlawful practice(s), as alleged above, Plaintiff requests the Court to prohibit by injunction the Defendant from engaging in the unlawful employment practice(s) and order any and all additional equitable relief as may be appropriate as listed and set out in § 21.258 of the *Texas Labor Code*, including reinstatement to his job, if reasonably possible at the time and under the circumstances then existing.

### ATTORNEY FEES

32.     Plaintiff has also had to employ an attorney to vindicate Plaintiff's rights for being terminated, and seeks reasonable and necessary attorney fees.

### ADMINISTRATIVE PREREQUISITES

33.     All conditions precedent to the cause of action under *Title VII and Texas Labor Code* § 21 have been performed or have occurred, including exhausting all required administrative remedies. Plaintiff timely filed a complaint of discrimination with the EEOC within 180 days of his termination, cooperated with the investigation, and received a right to sue from the EEOC and the Texas Workforce Commission-Civil

Rights Division. Thereafter, Plaintiff timely filed this suit within the appropriate time from the receipt of said right to sue.

## JURY TRIAL

34. Plaintiff hereby respectfully demands a trial by jury.

## PRAYER

WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer, and that on final hearing Plaintiff be awarded damages, as stated above, in an amount within jurisdictional limits of the Court, punitive damages related to his discharge, injunctive relief, costs of court, interest allowed by law, and such other relief, both at law and in equity, as Plaintiff may be justly entitled.

**WASH & THOMAS**
Attorneys at Law
6613 Sanger Ave.
Waco, Texas 76710
(254) 776-3611
(254) 776-9217 - Fax Number
Email – danwash@washthomas.com

BY: */s/ Danny C. Wash*
**Danny C. Wash**
State Bar No. 20896000
Attorneys for Plaintiff